**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KAREN MOFFIT and** | § | |
| **LOWELL MOFFIT,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| ***v.*** | § | **Civil Action No. 3:14-CV-0348-L-BK** |
| | § | |
| **HSBC MORTGAGE SERVICES, INC.,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Judge's *Order of Reference*, Doc. 9, the undersigned now

considers Defendant HSBC Mortgage Services Inc.'s *Motion to Dismiss*, Doc. 5.  For the reasons

that follow, Defendant's motion should be **GRANTED**.

## I.  BACKGROUND

This case stems from the foreclosure of Plaintiffs' real property located at 112 Kennedy

Drive, Terrell, Texas 75160 (the "Property").  Plaintiffs filed this suit in state court on March 28,

2013, in order to "restrain the Defendants from foreclosing on Plaintiffs' property on April 2,

2013." Doc. 1-1 at 3-4.  That same day, the state court judge issued a temporary restraining

order and required a $5000 bond.  Doc. 1-1 at 13-14.  There is no indication on the state court

docket that Plaintiffs posted the bond or caused the TRO to be served on Defendant.  Doc. 1-1 at

1.  On April 16, 2013, Defendant purchased the Property at foreclosure sale.  Doc. 1-2 at 3.

Defendant timely removed the case to this Court on January 28, 2014, on the bases of federal

question and diversity jurisdiction.  Doc. 1 at 2–3.  Defendant now moves to dismiss of

Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).  Doc. 5.  Plaintiffs responded

to the motion only when prompted by the Court.  Doc. 10.  Their response is deficient — they

answer each of Defendant's arguments in three lines or less and have not briefed their arguments

1

as required by the local rules.  Nevertheless, the Court has reviewed Defendant's motion to dismiss on the merits, and concludes that it is well taken.  *See Johnson v. Pettiford,* 442 F.3d 917, 918-19 (5th Cir. 2006) (per curiam) ("[W]e have not approved the automatic grant, upon failure to comply with [local] rules, of motions that are dispositive of the litigation." (internal quotation marks omitted).

## II.   APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  To overcome such motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity.  *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).  While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 572 (2007).

## III.   DISCUSSION

In their petition, Plaintiffs summarize their claims, stating "[t]his is a suit for misrepresentation. This is a suit for quiet title. This is a suit for violation of the Texas Fair Debt Collection Act, the Duty of Good Faith and Fair Dealing, Unconscionability, Negligent Lending,

2

Breach of Contract, Intentional Infliction of Emotional Stress, and violations of [the Truth in Lending Act] some of which give rise to a right of rescission." Doc. 1-1 at 9.  Plaintiffs, who were pro se when this suit was filed, but who subsequently retained counsel, offer little or no factual support for either of their claims.

### A.   Lack of Authority to Foreclose Claim

Plaintiffs assert that Defendant does not legitimately hold the Note and Deed of Trust, and thus lacked the authority to foreclose.  Doc. 1-1 at 6.  Plaintiffs' assertion is unsupported. Attached to its motion to dismiss is a copy of the *Assignment of Mortgage* from Available Mortgage Funding, LLC, on April 26, 2012, transferring the Deed of Trust to Defendant, and that the assignment was recorded in Kaufman County the following day.[1]  Doc 6 at 30-31. Moreover, a deed of trust has no legal effect apart from the debt, so that a transfer of the deed of trust automatically passes the note as well.  *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011) (Means, J.) ("In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.") (citation omitted).  Because Plaintiffs have wholly failed to offer any factual basis for their claims that Defendant lacked authority to foreclose on the Property, this claim should be **DISMISSED WITH PREJUDICE**.

---

[1]  Although, generally, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion, a court may consider outside documents when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).  Here, the Note, Deed of Trust, and Assignment are attached to the motion to dismiss, mentioned in the complaint, and central to Plaintiffs' claims.

**B.   Truth-in-Lending Act ("TILA") Claim**

Defendant construes Plaintiffs' complaint to allege that Defendant violated TILA by failing to provide documents related to this loan and making inaccurate disclosures.  Doc. 5 at 9 (citing Doc. 1-1 at 5).  Defendant avers that Plaintiffs' claims are barred by TILA's one-year statute of limitations for causes of action for the alleged failure to provide required disclosures, which begins to run upon the execution of the loan agreement.  Doc. 5 at 9.  Plaintiffs did not respond to this argument.  Upon on review of the applicable law, Defendant's argument has merit.

Concluding a credit transaction without giving the required disclosures constitutes a TILA nondisclosure violation. *Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986)*. The violation occurs when the transaction is consummated; nondisclosure is not a continuing violation for purposes of the statute of limitations.  *Id.* at 633.  A credit transaction is consummated the moment a contractual relationship is created between a creditor and a customer.  *Bourgeois v. Haynes Constr. Co., 728 F.2d 719, 720 (5th Cir. 1984)*.

Here, based on the facts as alleged by Plaintiffs, the credit transaction was consummated on April 11, 2005.  Doc 1-1 at 6.  Consequently, Plaintiffs' TILA action for monetary damages, Doc. 1-1 at 10, initiated almost eight years after the Note was executed, is barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e).  Likewise, Plaintiffs' claim for rescission under TILA, Doc. 1-1 at 10, is barred by the three-year statute of limitations set forth in 15 U.S.C. § 1635(f).  Thus, Plaintiffs are barred from stating a claim for relief under TILA and it should be **DISMISSED WITH PREJUDICE**.

**C. Plaintiffs' Remaining Claims**

Plaintiffs' allegations/claims for misrepresentation, violation of the Texas Fair Debt Collection Act, "[u]nconscionability," "[n]egligent [l]ending," breach of contract, intentional infliction of emotional stress, and suit to quiet title are nothing more than conclusory allegations -- mere labels.   Plaintiffs fail to state <u>any</u> factual basis for these allegations.  Despite this deficiency, this Court has engaged in an almost "acrobatic" review, working diligently to link Plaintiffs' general factual assertions to a particular cause of action to ascertain if Plaintiffs have stated <u>any</u> fact(s) that could support their labelled actions.  In doing so, it has become clear that Plaintiffs' have pled none of their claims with the level of factual specificity sufficient to survive the Rule 12(b)(6) motion to dismiss.

Plaintiffs aver that the "main thrust of the motion is that Plaintiffs' state court petition does not meet the requirements of a federal complaint."  Doc. 11 at 1.  They are correct, and any belief that Plaintiffs are <u>not</u> required to meet federal pleading standards at this juncture is misplaced.  Judges of this Court have applied the Texas fair notice pleading standard in the context of remand, specifically in examining state pleadings to determine if non-diverse defendants have been misjoined.  *See, e.g.*, *Durable Specialties, Inc. v. Liberty Ins. Corp*., No. 11-CV-0739, 2011 WL 6937377 at *4-5 (N.D. Tex. 2011) (Lindsay, J.) (choosing to apply Texas pleading standards on a motion to remand in considering whether there was improper joinder); *Arana v. Allstate Texas Lloyds*, No. 13-CV-0750, 2013 WL 2149589 at *2-4 (N.D. Tex. 2013) (Fitzwater, C.J.) (explaining the application of Texas pleading standards over federal standards for improper joinder on a motion to remand).  However, in the context of a Rule 12(b)(6) motion to dismiss after removal, the Court has uniformly applied federal pleading standards.  *See, e.g*., *Preston v. Seterus, Inc*., 931 F. Supp. 2d 743, 747-48 (N.D. Tex. 2013) (Lindsay, J.) (applying

the 12(b)(6) standard on a motion to dismiss after case was removed on the basis of federal

question jurisdiction); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 726-728

(N.D. Tex. 2011) (Fitzwater, C.J.) (applying Rules 8(a) and 12(b)(6) on a motion to dismiss after

case was removed on the basis of diversity jurisdiction).

## IV.   LEAVE TO AMEND

A court may dismiss a claim that fails to meet the pleading requirements, but "it should

not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff

has failed to plead with particularity after repeated opportunities to do so." *Hart v. Bayer Corp.*,

199 F.3d 239, 248 n.6 (5th Cir. 2000).  Here, Plaintiffs have requested, but have not previously

been granted, leave to attempt to plead their claims with more particularity.  Though the Court

recommends that Plaintiffs' lack authority to foreclose and Truth-In-Lending Act claims be

dismissed with prejudice as incurable, Plaintiffs should be given the opportunity to amend their

complaint to more specifically state, if they can, their Texas Debt Collection Act, breach of

contract and tort claims, and suit to quiet title.  *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th

Cir. 1986) (dismissing an action after giving the plaintiff only one opportunity to state his case is

ordinarily unjustified).

## V.   CONCLUSION

Accordingly, it is recommended that Defendant's *Motion to Dismiss*, Doc. 5, be

**GRANTED.**  If the Court accepts this recommendation, Plaintiffs' lack of authority to foreclose

claim and Truth-in-Lending Act claims should **DISMISSED WITH PREJUDICE**.  Plaintiffs'

Texas Debt Collection Act claim, breach of contract claim, tort claims, and suit to quiet title

should be **DISMISSED WITHOUT PREJUDICE**, however, and Plaintiffs should be granted

until 14 days after the Order accepting this recommendation to amend their complaint as to those

claims.  If they fail to do so, those claims should be **DISMISSED WITH PREJUDICE**, *sua sponte*, and this case closed.

       **SO RECOMMENDED** on August 26, 2014.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE